(No. 24073.—

WAKEM & McLAUGHLIN, Appellant, *vs.* JOHN STELLE, State Treasurer, *et al.* Appellees.

*Opinion filed June 11, 1937.*

ALLEN H. SCHULTZ, for appellant.

OTTO KERNER, Attorney General, (M. RAYMOND WALLENSTEIN, and MONTGOMERY S. WINNING, of counsel,) for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

The construction of a statute relating to the manufacture of alcoholic beverages is sought by this appeal. The public revenue is involved and the case therefore comes to us directly from the circuit court of Cook county.

Appellant is engaged in operating a bonded warehouse and in the wholesale purchase, distribution and bottling of

alcohol and spirits as defined by "An act relating to alcoholic liquors," approved January 31, 1934. (Smith-Hurd Stat. 1935, chap. 43, art. 1, sec. 2, par. 95.) It is admitted that in some instances appellant adds distilled water to the alcohol or spirits which it bottles. Another section of the act, (sec. 1(b), art. 5, par. 115,) permits one licensed as an importing distributor to purchase alcohol or spirits in barrels, casks or other bulk containers and to bottle "such alcoholic liquors before re-sale thereof," but all bottles or containers so filled must be sealed, labeled, stamped and otherwise made to comply with all regulations governing manufacturers in the preparation and bottling of alcohol and spirits. Appellant had regularly paid the fee for an importing distributor's license, $250 per annum, and upon the recommendation of the Illinois Liquor Control Commission, had been duly licensed as such by the Department of Finance.

On July 1, 1934, the Illinois Liquor Control Commission ruled that one who purchases alcohol or spirits in barrels, kegs or other bulk containers, and adds distilled water when it bottles the same, is a manufacturer and must obtain a manufacturer's license to engage in such practice. This ruling was based on the definition of the word "manufacture" in article 1, section 2 (8), paragraph 95, of said act, which states, in part, that "the word 'manufacture' means to distill, rectify, ferment, brew, make, mix, concoct, process, blend, bottle or fill an original package with any alcoholic liquor, and includes blending but does not include the mixing or other preparation of drinks for serving by those persons authorized and permitted in this act to serve drinks for consumption on the premises where sold." The fee for a manufacturer's license is $2500 per annum. On December 5, 1935, appellant paid to the Illinois Liquor Control Commission the sum of $1041.67 as a pro-rated license fee to manufacture alcohol and spirits for the period ending April 30, 1936, and on June 17, 1936, it also paid

$2500 for a manufacturer's license for the fiscal license period which commenced July 1, 1936, and expires June 30, 1937. These fees for the manufacturer's licenses were paid under written protest, with the explanation that appellant should be privileged to engage in the practice of adding distilled water to alcohol or spirits bottled, under its importing distributor's license. Injunction suits were filed in due course by appellant, to restrain the transfer of these protested payments to the general revenue fund, and temporary injunctions were granted restraining such transfers. On January 4, 1937, the trial court sustained motions to dismiss the complaints, and dissolved the temporary injunctions restraining the transfer of the funds to the State Treasury. It was from this final decree that the appeal was taken.

Appellant's contention is that the addition of distilled water to alcohol or spirits, when bottling the same, does not require it to obtain a manufacturer's license, as it is privileged to engage in this practice under its importing distributor's license.

A reading of the legislative definition of what constitutes manufacturing shows that under the act in question, (art. 1, sec. 2, par. 7,) a "manufacturer" includes a "bottler or person who fills or refills an original package, and others engaged in * * * bottling alcoholic liquors as above defined." The statutory definition of the words "original package" (art. 1, sec. 2, par. 6,) is "any bottle, flask, jug, can, cask, barrel, keg, hogshead or other receptacle or container, whatsoever, used * * * to contain and to convey any alcoholic liquor." Paragraph 8 of the same section further provides in part that "the word 'manufacture' means to distill, rectify, ferment, brew, make, mix, concoct, process, blend, bottle or fill an original package with any alcoholic liquor." The statute does not mention or prohibit the mixing of distilled water with alcohol and spirits, but expressly includes those engaged in the bottling

of any such mixture. It thus clearly appears, from legislative definition, that any person who bottles alcoholic liquors, regardless of their dilution with water or other liquid, is a manufacturer.

A reading and comparison of the statutory limitations imposed upon any person licensed as an importing distributor indicate that the legislature did not contemplate that water, or any other ingredient, should be added to the liquor so purchased or imported before its bottling for re-sale. The phrase "the bottling of such alcoholic liquors before re-sale thereof" indicates a limitation of bottling only to "such" liquors as had previously been purchased; and the word "re-sale" likewise can only mean a sale of the same liquor, unchanged in degree or quality. An importing distributor who dilutes or mixes with water the alcoholic liquors purchased, and then bottles the resulting mixture before its distribution to others, is obviously not making a "re-sale" of the same kind or quality of liquor he purchased, but is making a new sale of a different product. While the bottle might contain some of the identical liquor purchased, it would also contain water, or other ingredient, not originally purchased for "re-sale." A reasonable construction would seem to give one licensed as an importing distributor the right to bottle and re-sell only such liquors as he purchases, and not some new mixture or flavor obtained by adding other liquids or materials to the original purchase. One holding a manufacturer's license is expressly permitted to fill a bottle or other original package with "any" alcoholic liquors, (art. 1, sec. 2, par. 8,) while an importing distributor is limited by the terms of the act to bottling "such" specific alcoholic liquors as he has purchased for "re-sale," and none others. The circuit court therefore properly held that appellant was required by its practice to obtain a manufacturer's license.

The decree is affirmed.

*Decree affirmed.*